**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SHAUN WHITFIELD**                                                                                               **PLAINTIFF**

**V.**                                                                       **NO. 4:14-CV-00179-DMB-SAA**

**EARNEST LEE, et al.**                                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Shaun Whitfield, a Mississippi inmate housed at the Mississippi State Penitentiary, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against various Mississippi Department of Corrections ("MDOC") personnel. Having fully considered Plaintiff's allegations and the applicable law, the Court finds that the instant complaint should be dismissed.

**I
Screening Standards**

Because Plaintiff has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

# II
# Discussion

In the instant action, Plaintiff claims that Defendants violated both his constitutional due process rights and MDOC disciplinary policy and procedure when and after they issued him three separate rule violation reports ("RVRs") for the possession of contraband following an August 15, 2014, zone search. Plaintiff maintains that he first learned of the charges against him at his disciplinary hearing on August 26, 2014, when he was found guilty of the RVRs. Plaintiff contends that the evidence of his guilt of one of the RVRs was a photograph of a telephone charger documented to be confiscated from another inmate, and he maintains that no staff members testified against him at the hearing. He states that he was not given the opportunity to present any witnesses at the hearing to rebut his claim, that his bed area was never searched, and that no evidence was presented to rebut his allegations that the contraband was not his.

Plaintiff also complains that, because his custody status will be upgraded as a consequence of the guilty finding as to the three RVRs, his personal property must either be sent home or destroyed by MDOC personnel. In his request for relief, Plaintiff asks the Court to expunge his RVRs, order Defendants to pay his costs/fees, and order MDOC to either replace his personal property or provide him with a monetary reimbursement for its value.

At the outset, the Court notes that Plaintiff claims that his grievance concerning the RVRs was denied by the warden, who found that "the evidence presented at the time of the hearing substantiated a finding of guilty, and reporting staff verified the circumstances of the rule infraction." Doc. #1 at 8. Plaintiff maintains that the warden's finding is faulty and unsupported by evidence, as it was based only on statements by the staff.

The decision resulting from a prison disciplinary proceeding is "overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th

Cir. 2001); *see also Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985) (holding that prison disciplinary proceedings upheld as long as supported by "some evidence"). Here, Plaintiff states that the "decision was based on the statements provided by staff." Doc. #1 at 8. The information provided in an incident report can satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001). While Plaintiff complains that he was denied his right to confront his accusers, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). Confrontation and cross-examination of witnesses are examples of such rights that are not required in prison disciplinary proceedings. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Additionally, the relief sought by Plaintiff is not available in this action. As pronounced in *Heck v. Humphrey*, 512 U.S. 477 (1994), a prisoner cannot bring a § 1983 action based upon a conviction until that conviction "has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' or the length of his confinement." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Heck*, 512 U.S. at 486–87). A prison disciplinary finding is a conviction for purposes of *Heck*. *Id.* A finding that Plaintiff's disciplinary convictions are invalid would "necessarily imply the invalidity of the punishment imposed" as a result of the disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Therefore, because Plaintiff's claims necessarily imply the invalidity of his disciplinary convictions, and his disciplinary actions have not been invalidated, his § 1983 claims seeking expungement of his disciplinary convictions are not cognizable in this Court.

Moreover, the Court finds that Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy was violated by the RVRs and the resulting discipline imposed. MDOC's failure to follow its own rules is not a federal civil rights violation. *See, e.g., Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (finding that mere violation of prison regulations does not give rise to federal constitutional violation).

Finally, as to Plaintiff's personal property, the Court notes that Plaintiff states that he has the opportunity to have his personal property sent home rather than have it confiscated and destroyed by MDOC personnel. *See* Doc. #1 at 8–9. This claim is frivolous.

### III
### Conclusion

Plaintiff's allegations fail to assert a cognizable constitutional violation, and this action is **DISMISSED** with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (finding claims properly dismissed with prejudice "until the *Heck* conditions are met"). All pending motions are **DISMISSED** as moot. A final judgment in accordance with this opinion and order will be entered today.

**SO ORDERED**, this 9th day of February, 2015.

                                        **/s/ Debra M. Brown**
                                        **UNITED STATES DISTRICT JUDGE**